IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JONATHAN SEAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR 322-001 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 44.) One aspect of the objections merits brief discussion. Petitioner asserts he "demonstrated a clear change of heart" regarding the entry of his guilty plea, (id. at 3-5), which "is relevant because 'a swift change of heart is itself strong indication that the plea was entered in haste and confusion.'" United States v. Chicago, 711 F. App'x 512, 515 (11th Cir. 2017) (quoting United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987)). However, like in Gonzalez-Mercado, "[t]his swift change is not present" where nearly a month elapsed between the entry of the plea and Petitioner's motion to withdraw. 808 F.2d at 801; see also Chicago, 711 F. App'x at 516. Moreover, as the Magistrate Judge thoroughly explained in the Report and Recommendation, Petitioner's arguments that he was entitled to relief because his plea was rushed were meritless. (Doc. no. 39, pp. 10-18.)

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and

Recommendation of the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss, (doc. no. 37), and **DENIES** Petitioner's motion filed pursuant to 28 U.S.C. § 2255, (doc. no. 34).

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this case and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 26th day of January, 2024, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.